UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MOLOTOV COCKTAIL DRINK MIX, LLC                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:13-CV-877-M

U.S. CANADIAN CLEAR WATER, LLC                                  DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the court on motions of the plaintiff, Molotov Cocktail Drink Mixes, LLC, to enforce the parties' settlement agreement and to compel the defendant, U.S. Canadian Clear Water, LLC, to make settlement-related discovery in this case, under Rule 37 of the Federal Rules of Civil Procedure. The defendant has filed no response to the motions. The court referred this matter to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. For reasons stated below, the magistrate judge will recommend that the court grant the plaintiff's motions.

## I. FINDINGS OF FACT

1) On September 11, 2013, Molotov commenced this diversity action against the defendant alleging that Molotov contracted to purchase a blow molding machine to be manufactured and delivered by the defendant, and made down payment of $89,785.20 toward the purchase price for the machinery. Molotov further alleged the defendant never delivered same nor refunded any portion of the down payment. Molotov claimed such acts and omissions breached the contract, causing Molotov to sustain damages in the amount of $90,210.20.

2) On February 24, 2014, the undersigned magistrate judge conducted a mediation conference in this action. The parties reached a settlement, the terms of which were handwritten

and signed by the magistrate judge, the parties, and their counsel.[1]  This handwritten agreement states:

> The parties have agreed to settle this matter for payment to Molotov Cocktail of $75,000, to be paid within 45 days in full settlement of all claims, each side to bear its own costs and attorney's fees.  Final settlement documentation to be proposed within 10 days with MJ Moyer to mediate and resolve any material disagreement on the documentation.

3) Thereafter, counsel for Molotov and Canadian Clear signed a typewritten "final" Settlement Agreement.[2]  It provides as follows:

> This Settlement Agreement is entered into pursuant to a settlement conference conducted before U.S. Magistrate Judge James D. Moyer on February 24, 2014.  The parties agree as follows:
>
> 1. The Defendant will pay to the Plaintiff Seventy Five Thousand Dollars ($75,000) ("settlement payment") within forty-five (45) days of the settlement conference in full settlement of all claims, with each side to bear its own costs and attorney's fees.
>
> 2. The settlement payment will be made by certified check made payable to "Molotov Cocktail Drink Mixes, LLC" and delivered to Plaintiff's counsel no later than April 10, 2014.  Upon receipt of the settlement payment, Plaintiff will file a motion to dismiss its Complaint with prejudice.
>
> 3. If the settlement payment is not received, litigation will proceed without prejudice to either party and Defendant agrees that its representative, Arie Lasky, will make himself available for deposition in Louisville, Kentucky as previously noticed, no later than May 1, 2014.
>
>     Agreed upon by counsel on behalf of their respective

---

[1] A copy of the handwritten "Settlement Agreement" dated February 24, 2014, is attached to the plaintiff's motion (DN 18) as EXHIBIT 1.
[2] A copy of the final Settlement Agreement excerpted above is attached to the plaintiff's motion (DN 18).

clients and pursuant the written terms of agreement entered
at the settlement conference on February 24, 2014, and
agreed to and signed by U.S. Magistrate James D. Moyer
and all parties and counsel, a copy of which is attached
hereto.

4) Forty-five days after the settlement conference, Canadian Clear had not made the settlement payment, and the following e-mail communications between Molotov's counsel and Canadian Clear's counsel ensued.[3]

5) On April 10, 2104, Canadian Clear's counsel wrote to Molotov's counsel:[4]

> We need payment information for where to send the money
> to Molotov?  Do you want us to wire this to a bank account
> or some other form?
>
> Also, and I know this will cause considerable difficulty,
> however we need to request and **additional 60 days to get
> the money from India to you.  In 30 days we can give
> you a firm date in 30**.
>
> I understand if you want object to this and move the lawsuit
> forward.  However, I want you to know that Arie is the sole
> representative of US Canadian Clear Watek, LLC in the US
> and he does not have the "liquidity" to be able to move
> $75,000.00 (or whatever the number is) without selling the
> machine he made for Molotov. ***
>
> Again, we understand if you want to move this case
> forward … .  Arie has confirmed the funds will be available
> in less than 60 days.
>
> As attorneys, we know the "judgment" is merely a piece of
> paper … collecting is the real "win."
>
> I appreciate your consideration in advance and please know
> Arie wants to pay the money to your client and be done
> with this case as bad as you all do.

---

[3] Hard copies of the quoted e-mails are attached to the plaintiff's motion (DN 18) as composite EXHIBIT 3.
[4] *Id*. (Emphasis original).

3

6) Molotov's counsel replied:[5]

> A certified check for $75,000 made payable to Molotov Cocktail can be sent to me. In return, we will dismiss the lawsuit.
>
> I will talk to Mr. Holloway about your request. But if Mr. Lasky cannot produce the money in 45 days as he promised, I have no reason to think he will deliver in 60 days. Do you? The not so subtle suggestion that he will skip out on this all together has been present from the outset.
>
> You agreed to produce Mr. Lasky for his deposition. I'd like to take that within the next two weeks. Please provide me dates. But the money is due.

7) On April 22, 2014, Molotov's counsel provided three weeks' notice to Canadian Clear's counsel that the deposition of its representative would be taken on May 13, 2014. On April 23, 2014, Canadian Clear's counsel asked to reschedule to the first week of June because his client expected to be in India at the time. Molotov's counsel agreed to reschedule on the condition that Canadian Clear would give him "a solid confirmation that he [Mr. Lasky] will attend."[6] Over the next week, counsel for Molotov and Canadian Clear exchanged e-mails over Mr. Lasky's attendance at the deposition noticed for May 13, 2014.

8) Finally, on April 29, 2014, counsel for Molotov stated, "I will accept June 10 but please send me a letter confirming that date. Mr. Laskey has ignored the mediation agreement. He's made no effort to make any payment." Counsel for Canadian Clear replied, "Thank you very much Steve. I appreciate it. I will let Arie know June 10 will be the date." On June 4, 2014, counsel for Canadian Clear assured Molotov's counsel, "The deposition is still on for June

---

[5] *Id.*
[6] *Id.*

10, 2014 and Arie knows he has to be there. I will let you know when, and if, money becomes available to be paid to Molotov."[7]

9) On June 9, 2014, one day before his noticed (and agreed-upon) deposition, counsel for Canadian Clear advised that Mr. Lasky would not appear for his deposition but assured Molotov that Canadian Clear intended to perform the settlement:[8]

> I was just notified by Arie that he cannot make the deposition tomorrow. … He is at the mercy of his superiors in India. He has a deal with Louisville Water Company that is being finalized on Wednesday. He says he believes he can give Molotov $20-$25k of what he owes from that deal either on Wed or Thursday this week. He believes he will have the balance of what he owes Molotov within weeks after they do the install.
>
> Again, I know this is not what we originally agreed upon and have let Arie know that you already rescheduled this deposition once. Please let me know if this is acceptable to make payment on Wed or Thursday and then the remainder within 5 weeks?

10) On June 9, 2014, counsel for Molotov responded, "If we receive ½ of the amount due by Wednesday, I will delay filing sanctions."[9] However, Mr. Lasky did not appear for his deposition on June 10, 2014, and Canadian Clear has made no settlement payment to Molotov.

## II. CONCLUSIONS OF LAW

11) The parties agreed to a settlement on February 24, 2014. In due course, the parties signed and acknowledged a final Settlement Agreement. The parties agreed that Canadian Clear's obligation was to pay Seventy-Five Thousand Dollars ($75,000) to Molotov within forty-

---

[7] *Id.*
[8] *Id.*
[9] *Id.*

five (45) days of February 24, 2014. Upon receipt of the settlement payment, Molotov would dismiss its action, with prejudice.

12) Canadian Clear has failed to perform its obligation to make a settlement payment and is in breach of the Settlement Agreement. As a result, Molotov has not tendered dismissal papers. Therefore, this action remains pending and the court retains jurisdiction over the persons of the parties and their representatives, the parties' respective claims and defenses, and the subject matter of the Settlement Agreement. In addition, the Settlement Agreement explicitly provides that the undersigned magistrate judge is to "mediate and resolve" disputes in the "documentation" of the settlement. Accordingly, the court is authorized to enforce the agreement in accordance with its terms.

13) It is well-settled law that a district court has inherent authority to enforce settlement agreements entered into by the parties in pending cases. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (stating that enforcement is appropriate, without a hearing, when no substantial dispute exists regarding the entry into and terms of an agreement); *see also, Re/Max Int'l, Inc. v Realty One, Inc.,* 271 F.3d 633, 650 (6th Cir. 2001) ("Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment. Summary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress." (citation omitted)). Therefore, the magistrate judge concludes Molotov is entitled to enforcement of the Settlement Agreement.

14) In addition, Canadian Clear is in violation of its obligation to make discovery. Following Canadian Clear's breach of the Settlement Agreement, Molotov and Canadian Clear agreed that defendant's U.S. representative, Mr. Arie Lasky, would give his deposition in Louisville, Kentucky. Molotov noticed Mr. Lasky's deposition for May 13, 2014.

15) At Canadian Clear's request, and upon the expressed and agreed condition that Mr. Lasky would appear for his deposition on June 10, 2014, Molotov agreed to reschedule Mr. Lasky's deposition for June 10, 2014. However, Mr. Lasky did not appear for his deposition as agreed. Therefore, the magistrate judge concludes Molotov is entitled under Rule 37 to an order compelling Canadian Clear's compliance.

### III. RECOMMENDATION

The magistrate judge recommends that the district court grant Molotov's unopposed motions to enforce the parties' Settlement Agreement and to compel Canadian Clear's compliance with a notice to take Mr. Lasky's deposition.

DATE:

### **N O T I C E**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party s objections within fourteen (14) days after being served with a copy thereof.